PER CURIAM:
Claimant brought this action for damage to his 1989 BMW-329Í which occurred when he was operating his vehicle on County Route 60/4 in Barboursville, Cabell County, and the vehicle struck a large hole on the edge of the road. Respondent was responsible at all times herein for the maintenance of County Route 60/4. The Court is of the opinion to make an award in this claim for the reasons stated more fully below.
*21 The incident giving rise to this claim occurred on July 26, 2002, at 11:00 a.m. Claimant, Gonzalo Robayo, was traveling eastbound on County Route 60/4, also referred to as Spring Road, in Barboursville. County Route 60/4 is a narrow, two-lane blacktop road with double yellow center lines and no white edge lines. The road is a secondary highway approximately sixteen feet wide in most places. There is a steep hill on the right side of the road for eastbound traffic. On the date of the incident at issue, claimant was traveling to his girlfriend’s house. He estimates that he was traveling between twenty-five and thirty miles per horn-. He testified that he was approximately two hundred yards from his girlfriend’s house when he observed a large oncoming truck. He stated that he was afraid that the truck was going to strike his vehicle so he maneuvered it to the right edge of the road. Suddenly, the two right side tires dropped off the paved portion of the road down into a large hole. He immediately heard the air leaking out of both right side tires. Claimant testified that a large portion of the road at this location was broken off or otherwise missing and that the edge of the road was very jagged. He estimates that there was a drop-off approximately three-quarters to a half foot deep between the paved portion of the road and the ground where the pavement was missing. Claimant was able to drive his vehicle to his girlfriend’s driveway and park it. He discovered that both right side wheels were destroyed. Claimant introduced photographs into evidence at the hearing of this matter which depict a large hole along the edge of the road with jagged edges in the blacktop. The photographs also depict a significant drop off at the location where the road had broken off. Further, the photographs depict the fact that the portion of the berm where claimant’s tires dropped off the blacktop was not covered with weeds as was the remaining berm near this location but was soil only. Claimant presented an estimate to the Court in the amount of $591.48 for the two wheels and an estimate in the amount of $112.19 for a four-wheel alignment. Claimant seeks a total award in the amount of $703.67 for the damages incurred. Claimant has automobile liability insurance to cover this damage with a deductible feature of $500.00; therefore, claimant is limited to a recovery of his deductible feature of $500.00.
Claimant asserts that respondent knew or should have known that this portion of tlie road was broken off and that it presented a hazardous condition to the traveling public.
Respondent contends that it did not have notice of this condition, and thus, it was not negligent in maintaining the road at the location of this incident.
Charles King, Maintenance Crew Supervisor for respondent in Cabell County, testified that his responsibilities include maintaining the roads and responding to complaints. He testified that he is responsible for County Route 60/4 and he is familiar with the area of this incident. Mr. King testified that County Route 60/4 is a secondary road with less traffic than the local primary routes. He stated that it is not a high priority route in terms of routine maintenance. He stated that respondent maintains secondary roads by responding to complaints from the traveling public and by relying upon respondent’s employees who may happen to notice a problem while traveling these roads. Mr. King testified that he did not know about this incident nor was he aware of the hole. In addition, he stated that respondent had not received any complaints regarding the hole. According to Mr. King, the only complaints that respondent had received about County Route 60/4 were those regarding weeds and brush growing along the roadside. Further, Mr. King is of the opinion that the hole had not been present for very long due to the fact that the photographs introduced into evidence depict that the weeds on the side of the road did not grow to the edge of the blacktop. He testified that weeds which have grown to the edge of a blacktop road where there is a hole indicates a high probability that the *22 hole had been present for a significant amount of time. However, Mr. King testified that a crew leader/foreman lived in the area at the time of this incident and that he traveled this portion of road everyday. According to Mr. King, this crew leader/foreman must not have thought the hole claimant’s vehicle shuck was a “major hazard” or he would have responded to it.
It is a well established principle of law that the State is neither an insurer nor a guarantor of the safety of motorists on its roads and highways. Adkins v. Sims, 46 S.E.2d 81 (W.Va. 1947). To hold respondent liable, claimantmust establish by a preponderance of the evidence that the respondent had actual or constructive notice of the road defect in question and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985).
In the present claim, the Court is of the opinion that respondent had at least constructive, if not actual, notice of the defect on County Route 60/4 and a reasonable amount of time to remedy the defect. The evidence established that there was a large hole on the edge of the road where the blacktop had broken off and that this hole created a hazardous condition for the traveling public. Respondent had an employee who passed this location daily who could have seen this condition and responded to it in a timely manner. Further, the Court is of the opinion that given the size and location of this hole it had been present for a significant period of time. Consequently, there is sufficient evidence that respondent was negligent in this claim and that this negligence was the proximate cause of the damages to claimant’s vehicle.
Accordingly, the Court is of the opinion to and does make an award to claimant in the amount of $500.00.
Award of $500.00.